UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ) | |
| IN RE VASO ACTIVE ) | Master Docket No. 04-10792-RCL |
| PHARMACEUTICALS, INC. ) | (Consolidated Derivative Action) |
| DERIVATIVE LITIGATION ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' UNOPPOSED MOTION TO RESTORE ACTION TO DOCKET**

On November 19, 2004 this Court entered Pretrial Order No. 1: Consolidation, Appointment of Counsel, and Related Matters ("Pretrial Order No. 1") which, *inter alia*, consolidated two shareholder derivative actions, *Joseph Rosenkrantz v. Biochemics, Inc., et al.*, C.A. 04-10792-RCL and *William Pomeroy v. Biochemics, et al.*, C.A. 04-11399-RCL into the above-captioned Consolidated Derivative Action.

On January 12, 2005 this Court entered a Procedural Order of Dismissal which dismissed this Consolidated Derivative Action, without prejudice, pending the occurrence of the earlier of (a) the entry of an order following the resolution of any motion to dismiss filed in the consolidated securities fraud action pending in this Court captioned *In re Vaso Active Pharmaceuticals Securities Litigation*, Case No 04-10708-RCL, or (b) by the filing of answers by all defendants in the same matter. The Order also provided that the Consolidated Derivative Action shall be restored to the docket upon motion of any party if further proceedings in this Court are required pending the occurrence of the earlier of the two triggering events listed above so long as such motion was filed within thirty days thereof.

On January 20, 2005 all defendants in *In re Vaso Active Pharmaceuticals Securities Litigation*, Case No 04-10708-RCL filed answers in that matter. *See* Docket

Nos. 91-93 in Case No. 04-10708-RCL. In addition, further proceedings are necessary in the Consolidated Derivative Action. Specifically, the Court's Pretrial Order No. 1 provided Plaintiffs may file a consolidated complaint in the Consolidated Derivative Action within thirty days of the triggering events listed above in which Plaintiffs intend to do.

Therefore, as all conditions precedent to restoring this action to the active docket set forth in the Court's Procedural Order of Dismissal have been satisfied and this Motion is timely, Plaintiffs respectfully request that the Court restore this Consolidate Derivative Action to the active docket for further proceedings.

Respectfully submitted,

/s/ Mary T. Sullivan
Mary T. Sullivan, BBO #487130
SEGAL ROITMAN & COLEMAN
11 Beacon Street, Suite 500
Boston, MA 02108
Telephone: 617/742-0208
Facsimile: 617/742-2187

Plaintiffs' Liaison Counsel

George E. Barrett,
Douglas S. Johnston, Jr.
Timothy L. Miles
BARRETT, JOHNSTON & PARSLEY
217 Second Avenue, North
Nashville, TN 37201
Telephone: 615/244-2202
Facsimile: 615/252-3798

Plaintiffs' Lead Counsel

                Brian J. Robbins
                Jeffrey Fink
                ROBBINS UMEDA & FINK, LLP
                610 West Ash Street, Suite 1800
                San Diego, CA 92101
                Telephone: 619/525-3990
                Facsimile:  619/525-3991

                Plaintiffs' Counsel

Dated:  February 3, 2005

### RULE 7.1(a)(2) CERTIFICATION

     I, Timothy L. Miles, hereby certify that counsel for the Plaintiffs conferred with counsel for Defendants in good faith to resolve or narrow the issues presented in this motion.  Counsel for Defendants do not oppose the relief sought by this motion.

                /s/ Timothy L. Miles
                Timothy L. Miles

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY, that on this 3rd day of February, 2005, via first class mail, a true copy of the foregoing Memorandum in Support of Plaintiff's Unopposed Motion to Restore Action to Docket was served upon Jeffrey B. Rudman and Michael G. Bongiorno, and Wilmer, Cutler, Pickering, Hale & Dorr, 60 State Street, Boston, MA  02109 and John A. Stern, Greenberg Traurig, LLP, One International Place, Boston, MA  02110

                /s/ Mary T. Sullivan
                Mary T. Sullivan