UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS, INC. DERIVATIVE LITIGATION | Master Docket No. 04-10792-RCL (Consolidated Derivative Action) |

## ANSWER OF DEFENDANT STEPHEN G. CARTER TO THE
## VERIFIED CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendant Stephen G. Carter ("Defendant" or "Carter"), by and through his undersigned counsel, hereby answers the allegations of the Verified Consolidated Shareholder Derivative Complaint (the "Complaint") and asserts his affirmative defenses.

Defendant denies the allegations in the headings of the Complaint.

1.      No response is required to the allegations in paragraph 1, which purport to describe or construe the allegations in the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.      Defendant denies the allegations in paragraph 2.

3.      No response is required to the allegations in paragraph 3, which purport to describe or construe unidentified statements and filings of defendant Vaso Active Pharmaceuticals, Inc. ("Vaso" or "Company"). To the extent a response is required, Defendant denies the allegations in paragraph 3.

4.      Defendant admits the allegations contained in paragraph 4.

5.      No response is required to the allegations in paragraph 5, which purport to describe or construe a Company registration statement and purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in paragraph 5.

6.      Defendant denies the allegations in paragraph 6.

7.      Defendant admits that the Company filed a Form 10-KSB for the year-ended December 31, 2003 with the SEC on March 26, 2004.  No response is required to the allegations in paragraph 7 that constitute legal conclusions.  Defendant denies the remaining allegations in paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendant admits that the SEC issued a release on April 1, 2004.  No response is required to the remaining allegations in paragraph 9, which purport to describe or construe the SEC release.

10.      Defendant admits that the Company issued a press release on April 7, 2004.  No response is required to the remaining allegations in paragraph 10, which purport to describe or construe the press release.

11.      Defendant admits that the Company voluntarily chose to have its shares removed from Nasdaq effective April 8, 2004.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11.

12.      Defendant admits that on August 17, 2004 the SEC filed a complaint against the Company and John J. Masiz, together with settlement agreements with the Company and John J. Masiz with respect to the allegations covered in the SEC complaint.  Defendant further admits that final orders were extended by the court on September 13, 2004 with respect to the Company

2

and John J. Masiz pursuant to the settlement agreements. No response is required to the
remaining allegations in paragraph 12, which purport to describe or construe the SEC complaint
and/or settlements. To the extent a response is required, Defendant denies the remaining
allegations in paragraph 12.

13.    Defendant admits that the Company filed a Form 10-KSB/A on July 21, 2004.
No response is required to the remaining allegations in paragraph 13, which purport to describe
or construe the Form 10-KSB/A and purport to state legal conclusions. To the extent a response
is required, Defendant denies the allegations in paragraph 13.

14.    Defendant admits that securities class action lawsuits were filed in the United
States District Court for the District of Massachusetts and were consolidated under the caption *In
Re Vaso Active Pharmaceuticals Litigation* Case No. 04-10708-RCL. Defendant denies the
remaining allegations in the first sentence in paragraph 14. No response is required to the
remaining allegations in paragraph 14, which purport to describe or construe the allegations in
the Class Action Complaint and purport to state legal conclusions. To the extent a response is
required, Defendant denies the remaining allegations in paragraph 14.

15.    Defendant admits that the Company entered into a private transaction with an
institutional investor on March 16, 2004. No response is required to the remaining allegations in
paragraph 15, which purport to describe or construe the transaction and purport to state legal
conclusions. To the extent a response is required, Defendant denies the remaining allegations in
paragraph 15.

16.    Defendant denies the allegations in paragraph 16.

17.    No response is required to the allegations in paragraph 17, which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in paragraph 17.

18.    Defendant admits that Vaso maintains operations in this District.  No response is required to the remaining allegations in paragraph 18, which purport to state legal conclusions.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 18.

19.    Defendant admits that Vaso maintains its executive offices in this District.  No response is required to the remaining allegations in paragraph 19, which purport to state legal conclusions.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 19.

20.    Defendant is without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 20.

21.    Defendant admits the allegations in the first sentence in paragraph 21.  No response is required to the allegations in the second sentence in paragraph 21, which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in the second sentence in paragraph 21.  No response is required to the remaining allegations in paragraph 21, which purport to describe or construe a Company proxy statement.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 21.

22.    Defendant admits that Biochemics, Inc. is the parent company of Vaso.  No response is required to the remaining allegations in the first sentence in paragraph 22, which purport to state legal conclusions.  To the extent a response is required, Defendant denies the remaining allegations in the first sentence in paragraph 22.  Defendant admits the allegations in the second, fourth, fifth, sixth and seventh sentences in paragraph 22.  No response is required to

4

the eighth, ninth, tenth, and eleventh sentences in paragraph 22, which purport to describe or construe statements from a Company registration statement. Defendant denies the remaining allegations in paragraph 22.

23.     Defendant admits that John J. Masiz ("Masiz") served as Vaso's President, CEO, and Chairman of the Board, and the Chairman and CEO of Biochemics, Inc. Defendant admits that Carter served as CSO of Biochemics, Inc. Defendant admits the allegations in the fourth and twelfth sentences in paragraph 23. No response is required to the allegations in the second sentence in paragraph 23, which purport to state a legal conclusion. No response is required to the allegations in the fourteenth sentence in paragraph 23, which purport to describe or construe the Company's 2003 Stock Incentive Plan. To the extent a response is required, Defendant denies the allegations contained in the fourteenth sentence in paragraph 23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Masiz's options to purchase Vaso stock. Defendant denies the remaining allegations in paragraph 23.

24.     Defendant admits that Kevin J. Seifert ("Seifert") became a director of Vaso on or about February 19, 2004. Defendant is without knowledge or information sufficient to form a belief as to the use of the phrase "during all relevant times." No response is required to the allegations in the second sentence in paragraph 24, which purport to state a legal conclusion. No response is required to the allegations in the eighth sentence in paragraph 24, which purport to describe or construe the Company's 2003 Stock Incentive Plan. To the extent a response is required, Defendant denies the allegations in the eighth sentence in paragraph 24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations

5

regarding Seifert's options to purchase Vaso stock.  Defendant denies the remaining allegations in paragraph 24.

25.    Defendant admits that Carter was a director and officer of Vaso.  Defendant admits the allegations in the sixth and eighth sentences in paragraph 25.  Defendant admits that Carter held, at the time this action was initiated, 225,000 options to purchase Vaso stock.  No response is required to the allegations in the second sentence in paragraph 25, which purport to state a legal conclusion.  No response is required to the allegations in the tenth sentence in paragraph 25, which purport to describe or construe the Company's 2003 Stock Incentive Plan.  To the extent a response is required, Defendant denies the allegations in the tenth sentence in paragraph 25.  Defendant denies the remaining allegations in paragraph 25.

26.    Defendant admits that Bruce Shear ("Shear") was a director of Vaso and a member of its Audit and Compensation Committees and, as of January 2004, its Nominating Committee.  Defendant admits the allegations in the seventh sentence in paragraph 26.  No response is required to the allegations in the second sentence in paragraph 26, which purport to state a legal conclusion.  To the extent a response is required, Defendant denies the allegations in the second sentence in paragraph 26.  No response is required to the allegations in the ninth sentence in paragraph 26, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan.  To the extent a response is required, Defendant denies the allegations in the ninth sentence in paragraph 26.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Shear's options to purchase Vaso stock.  Defendant denies the remaining allegations in paragraph 26.

27.    Defendant admits that Brian Strasnick ("Strasnick") was a director of Vaso and a member of its Audit and Compensation Committees and, as of January 2004, its Nominating

6

Committee. Defendant admits the allegations in the seventh sentence in paragraph 27.   No

response is required to the allegations in the second sentence in paragraph 27, which purport to

state a legal conclusion.  No response is required to the allegations in the ninth sentence in

paragraph 27, which purport to describe or construe the Company's 2003 Non-Employee

Director Compensation Plan.  To the extent a response is required, Defendant denies the

allegations in the ninth sentence in paragraph 27.  Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations regarding Strasnick's options to

purchase Vaso stock.  Defendant denies the remaining allegations in paragraph 27.

   28. Defendant admits that William Adams ("Adams") was a director of the Company

and, as of January 2004, a member of its Nominating and Compensation Committees.  Defendant

admits the allegations in the seventh sentence in paragraph 28.  No response is required to the

allegations in the second sentence in paragraph 28, which purport to state a legal conclusion.  No

response is required to the allegations in the ninth sentence in paragraph 28, which purport to

describe or construe the Company's 2003 Non-Employee Director Compensation Plan.  To the

extent a response is required, Defendant denies the allegations in the ninth sentence in paragraph

28.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations regarding Adams's options to purchase Vaso stock.  Defendant denies the remaining

allegations in paragraph 28.

   29. Defendant admits that Robert Anderson ("Anderson") was a director of the

Company and, since January 2004, a member of its Nominating and Compensation Committees.

Defendant admits the allegations in the seventh sentence in paragraph 29.  No response is

required to the allegations in the second sentence in paragraph 29, which purport to state a legal

conclusion.  To the extent a response is required, Defendant denies the allegations in the second

sentence in paragraph 29. No response is required to the allegations in the ninth sentence in paragraph 29, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan. To the extent a response is required, Defendant denies the allegations in the ninth sentence in paragraph 29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Anderson's options to purchase Vaso stock. Defendant denies the remaining allegations in paragraph 29.

30.    Defendant admits that Gary Fromm ("Fromm") was a director of the Company and, since January 2004, a member of its Nominating Committee. Defendant admits the allegations in the seventh sentence in paragraph 30. No response is required to the allegations in the second sentence in paragraph 30, which purport to state a legal conclusion. To the extent a response is required, Defendant denies the allegations in the second sentence in paragraph 30. No response is required to the allegations in the ninth sentence in paragraph 30, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan. To the extent a response is required, Defendant denies the allegations in the ninth sentence in paragraph 30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Fromm's options to purchase Vaso stock. Defendant denies the remaining allegations in paragraph 30.

31.    Defendant admits that Joseph Frattaroli has served as Vaso's Chief Financial Officer and Secretary. No response is required to the allegations in the second sentence in paragraph 31, which purport to state a legal conclusion. Defendant admits the allegations in the seventh sentence in paragraph 31. Defendant denies the remaining allegations in paragraph 31.

32.    No response is required to the allegations in paragraph 32, which purport to describe or construe the allegations in the Complaint.

8

33.     No response is required to the allegations in paragraph 33, which purport to describe or construe unidentified statements and filings of the Company. To the extent a response is required, Defendant denies the allegations in paragraph 33.

34.     No response is required to the allegations in paragraph 34, which purport to describe or construe a Company registration statement.

35.     Defendant admits that the Company entered into a private transaction with an institutional investor on March 16, 2004. No response is required to the second and third sentences in paragraph 35, which purport to describe or construe the private transaction. Defendant admits that the Company issued a press release on March 17, 2004. No response is required to the remaining allegations in paragraph 35, which purport to describe the Company's press release.

36.     No response is required to the allegations in paragraph 36, which purport to describe or construe a Company registration statement.

37.     Defendant denies the allegations in paragraph 37.

37(a)   Defendant denies the allegations in subparagraph 37(a).

37(b)   Defendant denies the allegations in subparagraph 37(b).

37(c)   Defendant denies the allegations in subparagraph 37(c).

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant admits the allegations in the first sentence of paragraph 39. No response is required to the remaining allegations in paragraph 39, which purport to describe or construe the Company's Form 10-KSB. To the extent a response is required, Defendant denies the remaining allegations in paragraph 39.

40.    No response is required to the allegations in paragraph 40, which purport to describe or construe statements from the Company's Form 10-KSB.  To the extent a response is required, Defendant denies the allegations contained in paragraph 40.

41.    Defendant denies the allegations in paragraph 41.

41(a)    Defendant denies the allegations in subparagraph 41(a).

41(b)    Defendant denies the allegations in subparagraph 41(b).

42.    Defendant admits that Messrs. Masiz and Frattaroli signed Section 302(A) certifications in connection with the filing of the Company's Form 10-KSB.  Defendant denies the remaining allegations in paragraph 42.

43.    Defendant denies the allegations in paragraph 43.

44.    Defendant admits that the Company issued a press release on February 19, 2004. No response is required to the remaining allegations in paragraph 44, which purport to describe or construe a Company press release.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 44.

45.    Defendant denies the allegations in paragraph 45.

46.    Defendant admits that the SEC issued a release on April 1, 2004.  No response is required to the remaining allegations in paragraph 46, which purport to describe or construe the SEC release.

47.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendant admits the Company issued a press release on April 7, 2004.  No response is required to the remaining allegations in paragraph 49, which purport to describe or construe the press release.  To the extent a response is required, Defendant denies the allegations in paragraph 49.

50.     Defendant admits that the Company's stock was de-listed from Nasdaq and is now trading on the Pink Sheets.  Defendant denies the remaining allegations contained in paragraph 50.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Defendant admits that on August 17, 2004 the SEC filed a complaint against the Company and John J. Masiz, together with settlement agreements with the Company and John J. Masiz with respect to the allegations contained in the SEC complaint.  Defendant further admits that final orders were entered by the court on September 13, 2004 with respect to the Company and John J. Masiz pursuant to the settlement agreements.  No response is required to the remaining allegations in paragraph 52, which purport to describe or construe the SEC complaint and/or the settlements.  To the extent a response is required, Defendant denies the remaining allegations in paragraph 52.

53.     No response is required to the allegations in paragraph 53, which purport to describe or construe unspecified Company documents relating to the Millenium transaction.  To the extent a response is required, Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant admits that securities class action lawsuits were filed in the United States District Court for the District of Massachusetts and were consolidated under the caption *In*

*Re Vaso Active Pharmaceuticals Litigation* Case No. 04-10708-RCL. Defendant denies the remaining allegations in the first sentence in paragraph 55. Defendant admits the allegations in the last sentence in paragraph 55. No response is required to the remaining allegations in paragraph 55, which purport to describe or construe the allegations in the Class Action Complaint and purport to state legal conclusions. To the extent a response is required, Defendant denies the remaining allegations in paragraph 55.

56.     No response is required to the allegations in paragraph 56, which purport to describe or construe the allegations in the Complaint. To the extent a response is required, Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58 regarding the Defendants' wrongful conduct and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59.     Defendant admits the allegations in the first sentence in paragraph 59. Defendant admits that Plaintiffs did not make any demand on the Company's Board of Directors. Defendant denies the remaining allegations in paragraph 59.

59(a)   No response is required to the allegations in the first and last sentences in subparagraph 59(a), which purport to state legal conclusions. To the extent a response is required, Defendant denies the allegations in the first and last sentences in subparagraph 59(a). Defendant admits that Shear and Strasnick and, as of January 2004, Adams and Anderson were members of the Compensation Committee. Defendant denies the remaining allegations in subparagraph 59(a).

59(b)   Defendant admits that, at the time this action was initiated, each of Masiz, Carter, and Seifert was employed by and received a salary from Vaso and had received stock option grants from Vaso.  Defendant denies the remaining allegations in subparagraph 59(b).

59(c)   No response is required to the allegations in the first sentence in subparagraph 59(c), which purport to describe or construe a Company proxy statement.  No response is required to the allegations in the second, third and last sentences in subparagraph 59(c), which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in the second, third, and last sentences in subparagraph 59(c).  Defendant denies the remaining allegations in subparagraph 59(c).

59(d)   Defendant admits that Masiz, Carter, Shear, Strasnick, Adams, Anderson and Fromm and, as of February 2004, Seifert served on the Vaso Board of Directors during the Relevant Period.  No response is required to the allegations in the third sentence in subparagraph 59(d), which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in the third sentence in subparagraph 59(d).  Defendant denies the remaining allegations in subparagraph 59(d).

59(e)   Defendant denies the allegations in subparagraph 59(e).

59(f)   No response is required to the allegations in subparagraph 59(f), which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in subparagraph 59(f).

59(g)   No response is required to the allegations in subparagraph 59(g), which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in subparagraph 59(g).

59(h)   Defendant denies the allegations in subparagraph 59(h).

13

59(i)    Defendant denies the allegations in subparagraph 59(i).

59(j)    Defendant denies the allegations in subparagraph 59(j).

59(k)    No response is required to the allegations in the last sentence in subparagraph 59(k), which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in the last sentence in subparagraph 59(k).  Defendant denies the remaining allegations in subparagraph 59(k).

59(l)    No response is required to the allegations in the third and fourth sentences in subparagraph 59(l), which purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in the third and fourth sentences in subparagraph 59(l).  Defendant denies the remaining allegations in subparagraph 59(l).

60.    Defendant denies the allegations in paragraph 60.

61.    Defendant denies the allegations in paragraph 61.

61(a)    Defendant denies the allegations in subparagraph 61(a).

61(b)    Defendant denies the allegations in subparagraph 61(b).

61(c)    Defendant denies the allegations in subparagraph 61(c).

62.    Defendant denies the allegations in paragraph 62.

62(a)    Defendant denies the allegations in subparagraph 62(a).

62(b)    Defendant denies the allegations in subparagraph 62(b).

62(c)    Defendant denies the allegations in subparagraph 62(c).

62(d)    Defendant denies the allegations in subparagraph 62(d).

62(e)    Defendant denies the allegations in subparagraph 62(e).

63.    Defendant repeats and realleges his responses to paragraphs 1-62, as if fully set forth herein.

64.    Defendant denies the allegations in paragraph 64.

65.    Defendant denies the allegations in paragraph 65.

66.    Defendant denies the allegations in paragraph 66.

67.    Defendant denies the allegations in paragraph 67.

68.    No response is required to the allegations in paragraph 68, which purport to state a legal conclusion. To the extent a response is required, Defendant denies the allegations in paragraph 68.

69.    Defendant repeats and realleges his responses to paragraphs 1-68, as if fully set forth herein.

70.    Defendant denies the allegations in paragraph 70.

71.    Defendant denies the allegations in paragraph 71.

72.    Defendant denies the allegations in paragraph 72.

73.    No response is required to the allegations in paragraph 73, which purport to state a legal conclusion. To the extent a response is required, Defendant denies the allegations in paragraph 73.

74.    Defendant repeats and realleges his responses to paragraphs 1-73, as if fully set forth herein.

75.    Defendant denies the allegations in paragraph 75.

76.    Defendant denies the allegations in paragraph 76.

77.    Defendant denies the allegations in paragraph 77.

78.    No response is required to the allegations in paragraph 78, which purport to state a legal conclusion. To the extent a response is required, Defendant denies the allegations in paragraph 78.

15

79.     Defendant repeats and realleges his responses to paragraphs 1-78, as if fully set forth herein.

80.     Defendant denies the allegations in paragraph 80.

81.     No response is required to the allegations in paragraph 81, which purport to state a legal conclusion.  To the extent a response is required, Defendant denies the allegations in paragraph 81.

82.     Defendant repeats and realleges his responses to paragraphs 1-81, as if fully set forth herein.  Defendant denies the allegations in the second sentence in paragraph 82.

83.     No response is required to the allegations in paragraph 83, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions.  To the extent a response is required, Defendant denies the allegations in paragraph 83.

84.     Defendant denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every allegation in the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under Fed. R. Civ. P. 23.1 because the Plaintiffs failed to serve a demand on Vaso's Board of Directors.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred because Defendant's actions were a proper exercise of business judgment.

16

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred because Defendant at all times acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiffs have not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because Defendant has not breached any duties owed to the Nominal Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because the factual allegations of the Complaint, as well as the reasons for failing to make demand, are not alleged with the requisite specificity.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.


Defendant reserves his right to assert any additional affirmative defenses that the proceedings may hereafter reveal to be appropriate.

WHEREFORE, Defendant respectfully requests that the Court:

(1)    Dismiss this action, with prejudice;

(2)    Award Defendant his reasonable attorneys' fees, costs, and expenses incurred in the defense of this action; and

(3)    Award Defendant whatever further and additional relief this Court deems fair and just.

## DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

STEPHEN G. CARTER,

By his attorneys,

_/s/ Kay B. Lee_____
John A. Sten (BBO# 629577)
Kay B. Lee (BBO# 647224)
GREENBERG TRAURIG, LLP
One International Place, 20th Floor
Boston, MA  02110
(617) 310-6000

Dated:  March 28, 2005

## CERTIFICATE OF SERVICE

I, Kay B. Lee, hereby certify that a true copy of the above document was served by overnight mail on March 28, 2005 upon all counsel of record.

                    /s/ Kay B. Lee
                    Kay B. Lee

bos-srv01\LEEKA\160738v01\4SV201_.DOC\3/28/05

19