UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS, INC. DERIVATIVE LITIGATION | Master Docket No. 04-10792-RCL (Consolidated Derivative Action) |

**ANSWER OF VASO ACTIVE PHARMACEUTICALS, INC., BIOCHEMICS, INC., JOHN J. MASIZ, KEVIN J. SEIFERT, JOSEPH F. FRATTAROLI, BRUCE A. SHEAR, GARY FROMM, BRIAN J. STRASNICK, WILLIAM P. ADAMS AND ROBERT E. ANDERSON TO THE CONSOLIDATED AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 8 and 12, the nominal defendant Vaso Active Pharmaceuticals, Inc. ("Vaso" or "Company"), Biochemics, Inc., and the individual defendants (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the allegations of the Verified Consolidated Shareholder Derivative Complaint (the "Complaint") and assert their affirmative defenses.[1]

Defendants deny the allegations in the headings of the Complaint.

1. No response is required to the allegations in paragraph 1, which purport to describe or construe the allegations in the Complaint. To the extent a response is required, Defendants deny the allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. No response is required to the allegations in paragraph 3, which purport to describe or construe unidentified statements and filings of the Company. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4. Defendants admit the allegations contained in paragraph 4.

---

[1] Defendant Stephen G. Carter is submitting a separate answer.

5. No response is required to the allegations in paragraph 5, which purport to describe or construe a Company registration statement and purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants admit that the Company filed a Form 10-KSB for the year-ended December 31, 2003 with the SEC on March 26, 2004. No response is required to the allegations in paragraph 7 that constitute legal conclusions. Defendants deny the remaining allegations in paragraph 7.

8. Defendants admit that on February 5, 2004 the SEC issued a press release. No response is required to the remaining allegations in paragraph 8, which purport to describe or construe that press release.

9. Defendants admit that the SEC issued a release on April 1, 2004. No response is required to the remaining allegations in paragraph 9, which purport to describe or construe the SEC release.

10. Defendants admit that the Company issued a press release on April 7, 2004. No response is required to the remaining allegations in paragraph 10, which purport to describe or construe the press release.

11. Defendants admit that the Company voluntarily chose to have its shares removed from Nasdaq effective April 8, 2004. Defendants further admit that the closing price for the Company's stock was $7.59 per share on March 31, 2004 and $1.75 per share on April 16, 2004. Defendants deny the remaining allegations in paragraph 11.

12. Defendants admit that on August 17, 2004 the SEC filed a complaint against the Company and John J. Masiz, together with settlement agreements with the Company and John J.

Masiz with respect to the allegations covered in the SEC complaint. Defendants further admit that final orders were extended by the Court on September 13, 2004 with respect to the Company and John J. Masiz pursuant to the settlement agreements. No response is required to the remaining allegations in paragraph 12, which purport to describe or construe the SEC complaint and/or the settlements. To the extent a response is required, Defendants deny the remaining allegations in paragraph 12.

13.     Defendants admit that the Company filed a Form 10-KSB/A on July 21, 2004. No response is required to the remaining allegations in paragraph 13, which purport to describe or construe the Form 10-KSB/A and purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 13.

14.     Defendants admit that securities class action lawsuits were filed in the United States District Court for the District of Massachusetts and were consolidated under the caption *In Re Vaso Active Pharmaceuticals Litigation*, Case No. 04-10708-RCL. Defendants deny the remaining allegations in the first sentence in paragraph 14. No response is required to the remaining allegations in paragraph 14, which purport to describe or construe the allegations in the Class Action Complaint and purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in paragraph 14.

15.     Defendants admit that the Company entered into a private transaction with an institutional investor on March 16, 2004. No response is required to the remaining allegations in paragraph 15, which purport to describe or construe the transaction and purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17. No response is required to the allegations in paragraph 17, which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 17.

18. Defendants admit that Vaso maintains operations in this District. No response is required to the remaining allegations in paragraph 18, which purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in paragraph 18.

19. Defendants admit that Vaso maintains its executive offices in this District. No response is required to the remaining allegations in paragraph 19, which purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in paragraph 19.

20. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in paragraph 20.

21. Defendants admit the allegations in the first sentence in paragraph 21. No response is required to the allegations in the second sentence in paragraph 21, which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in the second sentence in paragraph 21. No response is required to the remaining allegations in paragraph 21, which purport to describe or construe a Company proxy statement. To the extent a response is required, Defendants deny the remaining allegations in paragraph 21.

22. Defendants admit that Biochemics, Inc. is the parent company of Vaso. No response is required to the remaining allegations in the first sentence in paragraph 22, which purport to state legal conclusions. To the extent a response is required, Defendants deny the remaining allegations in the first sentence in paragraph 22. Defendants admit the allegations in the second, fourth, fifth, sixth and seventh sentences in paragraph 22. No response is required to

4

the eighth, ninth, tenth, and eleventh sentences in paragraph 22, which purport to describe or construe statements from a Company registration statement. Defendants deny the remaining allegations in paragraph 22.

23.     Defendants admit that John J. Masiz ("Masiz") served as Vaso's President, CEO, and Chairman of the Board, and the Chairman and CEO of Biochemics, Inc. Defendants admit that Stephen Carter served as CSO of Biochemics, Inc. Defendants admit that Masiz held 300,000 options to purchase stock at the time this action was initiated. Defendants admit the allegations in the fourth and twelfth sentences in paragraph 23. No response is required to the allegations in the second sentence in paragraph 23, which purport to state a legal conclusion. No response is required to the allegations in the fourteenth sentence in paragraph 23, which purport to describe or construe the Company's 2003 Stock Incentive Plan. To the extent a response is required, Defendants deny the allegations contained in the fourteenth sentence in paragraph 23. Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that Kevin J. Seifert ("Seifert") became a director of Vaso on or about February 19, 2004. Defendants are without knowledge or information sufficient to form a belief as to the use of the phrase "during all relevant times." Defendants admit that, at the time this action was initiated, Seifert held 225,000 options to purchase Vaso stock. No response is required to the allegations in the second sentence in paragraph 24, which purport to state a legal conclusion. No response is required to the allegations in the eighth sentence in paragraph 24, which purport to describe or construe the Company's 2003 Stock Incentive Plan. To the extent a response is required, Defendants deny the allegations in the eighth sentence in paragraph 24. Defendants deny the remaining allegations in paragraph 24.

US1DOCS 5032455v3

25. Defendants admit that Stephen G. Carter ("Carter") was a director and officer of Vaso. Defendants admit the allegations in the sixth and eighth sentences in paragraph 25. Defendants admit that, at the time this action was initiated, Carter held 225,000 options to purchase Vaso stock. No response is required to the allegations in the second sentence in paragraph 25, which purport to state a legal conclusion. No response is required to the allegations in the tenth sentence in paragraph 25, which purport to describe or construe the Company's 2003 Stock Incentive Plan. To the extent a response is required, Defendants deny the allegations in the tenth sentence in paragraph 25. Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit that Bruce Shear ("Shear") was a director of Vaso and a member of its Audit and Compensation Committees and, as of January 2004, its Nominating Committee. Defendants admit the allegations in the seventh sentence in paragraph 26. Defendants admit that, at the time this action was initiated, Shear held 60,000 options to purchase Vaso stock. No response is required to the allegations in the second sentence in paragraph 26, which purport to state a legal conclusion. To the extent a response is required, Defendants deny the allegations in the second sentence in paragraph 26. No response is required to the allegations in the ninth sentence in paragraph 26, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan. To the extent a response is required, Defendants deny the allegations in the ninth sentence in paragraph 26. Defendants deny the remaining allegations in paragraph 26.

27. Defendants admit that Brian Strasnick ("Strasnick") was a director of Vaso and a member of its Audit and Compensation Committees and, as of January 2004, its Nominating Committee. Defendants admit the allegations in the seventh sentence in paragraph 27.

6

Defendants admit that, at the time this action was initiated, Strasnick held 60,000 options to purchase Vaso stock. No response is required to the allegations in the second sentence in paragraph 27, which purport to state a legal conclusion. No response is required to the allegations in the ninth sentence in paragraph 27, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan. To the extent a response is required, Defendants deny the allegations in the ninth sentence in paragraph 27. Defendants deny the remaining allegations in paragraph 27.

28.     Defendants admit that William Adams ("Adams") was a director of the Company and, as of January 2004, a member of its Nominating and Compensation Committees. Defendants admit the allegations in the seventh sentence in paragraph 28. Defendants admit that, at the time this action was initiated, Adams held 60,000 options to purchase Vaso stock. No response is required to the allegations in the second sentence in paragraph 28, which purport to state a legal conclusion. No response is required to the allegations in the ninth sentence in paragraph 28, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan. To the extent a response is required, Defendants deny the allegations in the ninth sentence in paragraph 28. Defendants deny the remaining allegations in paragraph 28.

29.     Defendants admit that Robert Anderson ("Anderson") was a director of the Company and, since January 2004, a member of its Nominating and Compensation Committees. Defendants admit the allegations in the seventh sentence in paragraph 29. Defendants admit that, at the time this action was initiated, Anderson held 60,000 options to purchase Vaso stock. No response is required to the allegations in the second sentence in paragraph 29, which purport to state a legal conclusion. To the extent a response is required, Defendants deny the allegations in

US1DOCS 5032455v3

the second sentence in paragraph 29.  No response is required to the allegations in the ninth sentence in paragraph 29, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan.  To the extent a response is required, Defendants deny the allegations in the ninth sentence in paragraph 29.  Defendants deny the remaining allegations in paragraph 29.

30.    Defendants admit that Gary Fromm ("Fromm") was a director of the Company and, since January 2004, a member of its Nominating Committee.  Defendants admit the allegations in the seventh sentence in paragraph 30.  Defendants admit that, at the time this action was initiated, Fromm held 60,000 options to purchase Vaso stock.  No response is required to the allegations in the second sentence in paragraph 30, which purport to state a legal conclusion.  To the extent a response is required, Defendants deny the allegations in the second sentence in paragraph 30.  No response is required to the allegations in the ninth sentence in paragraph 30, which purport to describe or construe the Company's 2003 Non-Employee Director Compensation Plan.  To the extent a response is required, Defendants deny the allegations in the ninth sentence in paragraph 30.  Defendants deny the remaining allegations in paragraph 30.

31.    Defendants admit that Joseph Frattaroli has served as Vaso's Chief Financial Officer and Secretary.  No response is required to the allegations in the second sentence in paragraph 31, which purport to state a legal conclusion.  Defendants admit the allegations in the seventh sentence in paragraph 31. Defendants deny the remaining allegations in paragraph 31.

32.    No response is required to the allegations in paragraph 32, which purport to describe or construe the allegations in the Complaint.

33.     No response is required to the allegations in paragraph 33, which purport to describe or construe unidentified statements and filings of the Company. To the extent a response is required, Defendants deny the allegations in paragraph 33.

34.     No response is required to the allegations in paragraph 34, which purport to describe or construe a Company registration statement.

35.     Defendants admit that the Company entered into a private transaction with an institutional investor on March 16, 2004. No response is required to the second and third sentences in paragraph 35, which purport to describe or construe the private transaction. Defendants admit that the Company issued a press release on March 17, 2004. No response is required to the remaining allegations in paragraph 35, which purport to describe the Company's press release.

36.     No response is required to the allegations in paragraph 36, which purport to describe or construe a Company registration statement.

37.     Defendants deny the allegations in paragraph 37.

37(a)   Defendants deny the allegations in subparagraph 37(a).

37(b)   Defendants deny the allegations in subparagraph 37(b).

37(c)   Defendants deny the allegations in subparagraph 37(c).

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants admit the allegations in the first sentence of paragraph 39. No response is required to the remaining allegations in paragraph 39, which purport to describe or construe the Company's Form 10-KSB. To the extent a response is required, Defendants deny the remaining allegations in paragraph 39.

40. No response is required to the allegations in paragraph 40, which purport to describe or construe statements from the Company's Form 10-KSB. To the extent a response is required, Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

41(a) Defendants deny the allegations in subparagraph 41(a).

41(b) Defendants deny the allegations in subparagraph 41(b).

42. Defendants admit that Messrs. Masiz and Frattaroli signed Section 302(A) certifications in connection with the filing of the Company's Form 10-KSB. Defendants deny the remaining allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants admit that the Company issued a press release on February 19, 2004. No response is required to the remaining allegations in paragraph 44, which purport to describe or construe a Company press release. To the extent a response is required, Defendants deny the remaining allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants admit that the SEC issued a release on April 1, 2004. No response is required to the remaining allegations in paragraph 46, which purport to describe or construe the SEC release.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Defendants admit the Company issued a press release on April 7, 2004. No response is required to the remaining allegations in paragraph 49, which purport to describe or construe the press release. To the extent a response is required, Defendants deny the allegations in paragraph 49.

50.     Defendants admit that the Company's stock was de-listed from Nasdaq and is now trading on the Pink Sheets. Defendants deny the remaining allegations contained in paragraph 50.

51.     Defendants admit that the closing price for the Company's stock was $1.75 per share on April 16, 2004. Defendants deny the remaining allegations in paragraph 51.

52.     Defendants admit that on August 17, 2004 the SEC filed a complaint against the Company and John J. Masiz, together with settlement agreements with the Company and John J. Masiz with respect to the allegations contained in the SEC complaint. Defendants further admit that final orders were entered by the court on September 13, 2004 with respect to the Company and John J. Masiz pursuant to the settlement agreements. No response is required to the remaining allegations in paragraph 52, which purport to describe or construe the SEC complaint and/or the settlements. To the extent a response is required, Defendants deny the remaining allegations in paragraph 52.

53.     No response is required to the allegations in paragraph 53, which purport to describe or construe unspecified Company documents relating to the Millenium transaction. To the extent a response is required, Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants admit that securities class action lawsuits were filed in the United States District Court for the District of Massachusetts and were consolidated under the caption *In*

US1DOCS 5032455v3

*Re Vaso Active Pharmaceuticals Litigation*, Case No. 04-10708-RCL.  Defendants deny the remaining allegations in the first sentence in paragraph 55.  Defendants admit the allegations in the last sentence in paragraph 55.  No response is required to the remaining allegations in paragraph 55, which purport to describe or construe the allegations in the Class Action Complaint and purport to state legal conclusions.  To the extent a response is required, Defendants deny the remaining allegations in paragraph 55.

56.    No response is required to the allegations in paragraph 56, which purport to describe or construe the allegations in the Complaint.  To the extent a response is required, Defendants deny the allegations in paragraph 56.

57.    Defendants deny the allegations in paragraph 57.

58.    Defendants deny the allegations in paragraph 58 regarding the Defendants' wrongful conduct and otherwise are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58.

59.    Defendants admit the allegations in the first sentence in paragraph 59.  Defendants admit that Plaintiffs did not make any demand on the Company's Board of Directors.  Defendants deny the remaining allegations in paragraph 59.

59(a)  No response is required to the allegations in the first and last sentences in subparagraph 59(a), which purport to state legal conclusions.  To the extent a response is required, Defendants deny the allegations in the first and last sentences in subparagraph 59(a).  Defendants admit that Shear and Strasnick and, as of January 2004, Adams and Anderson were members of the Compensation Committee.  Defendants deny the remaining allegations in subparagraph 59(a).

US1DOCS 5032455v3

59(b)   Defendants admit that, at the time this action was initiated, each of Masiz, Carter and Seifert was employed by and received a salary from Vaso and had received stock option grants from Vaso. Defendants deny the remaining allegations in subparagraph 59(b).

59(c)   No response is required to the allegations in the first sentence in subparagraph 59(c), which purport to describe or construe a Company proxy statement. No response is required to the allegations in the second, third and last sentences in subparagraph 59(c), which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in the second, third and last sentences in subparagraph 59(c). Defendants deny the remaining allegations in subparagraph 59(c).

59(d)   Defendants admit that Masiz, Carter, Shear, Strasnick, Adams, Anderson and Fromm and, as of February 2004, Seifert served on the Vaso Board of Directors during the Relevant Period. No response is required to the allegations in the third sentence in subparagraph 59(d), which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in the third sentence in subparagraph 59(d). Defendants deny the remaining allegations in subparagraph 59(d).

59(e)   Defendants deny the allegations in subparagraph 59(e).

59(f)   No response is required to the allegations in subparagraph 59(f), which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in subparagraph 59(f).

59(g)   No response is required to the allegations in subparagraph 59(g), which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in subparagraph 59(g).

59(h)   Defendants deny the allegations in subparagraph 59(h).

US1DOCS 5032455v3

59(i)   Defendants deny the allegations in subparagraph 59(i).

59(j)   Defendants deny the allegations in subparagraph 59(j).

59(k)   No response is required to the allegations in the last sentence in subparagraph 59(k), which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in the last sentence in subparagraph 59(k). Defendants deny the remaining allegations in subparagraph 59(k).

59(l)   No response is required to the allegations in the third and fourth sentences in subparagraph 59(l), which purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in the third and fourth sentences in subparagraph 59(l). Defendants deny the remaining allegations in subparagraph 59(l).

60.   Defendants deny the allegations in paragraph 60.

61.   Defendants deny the allegations in paragraph 61.

61(a)   Defendants deny the allegations in subparagraph 61(a).

61(b)   Defendants deny the allegations in subparagraph 61(b).

61(c)   Defendants deny the allegations in subparagraph 61(c).

62.   Defendants deny the allegations in paragraph 62.

62(a)   Defendants deny the allegations in subparagraph 62(a).

62(b)   Defendants deny the allegations in subparagraph 62(b).

62(c)   Defendants deny the allegations in subparagraph 62(c).

62(d)   Defendants deny the allegations in subparagraph 62(d).

62(e)   Defendants deny the allegations in subparagraph 62(e).

63.   Defendants repeat and reallege their responses to paragraphs 1-62, as if fully set forth herein.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. No response is required to the allegations in paragraph 68, which purport to state a legal conclusion. To the extent a response is required, Defendants deny the allegations in paragraph 68.

69. Defendants repeat and reallege their responses to paragraphs 1-68, as if fully set forth herein.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. No response is required to the allegations in paragraph 73, which purport to state a legal conclusion. To the extent a response is required, Defendants deny the allegations in paragraph 73.

74. Defendants repeat and reallege their responses to paragraphs 1-73, as if fully set forth herein.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. No response is required to the allegations in paragraph 78, which purport to state a legal conclusion. To the extent a response is required, Defendants deny the allegations in paragraph 78.

79. Defendants repeat and reallege their responses to paragraphs 1-78, as if fully set forth herein.

80. Defendants deny the allegations in paragraph 80.

81. No response is required to the allegations in paragraph 81, which purport to state a legal conclusion. To the extent a response is required, Defendants deny the allegations in paragraph 81.

82. Defendants repeat and reallege their responses to paragraphs 1-81, as if fully set forth herein. Defendants deny the allegations in the second sentence in paragraph 82.

83. No response is required to the allegations in paragraph 83, which purport to describe or construe the allegations in the Complaint and purport to state legal conclusions. To the extent a response is required, Defendants deny the allegations in paragraph 83.

84. Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Each and every allegation in the Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part under Fed. R. Civ. P. 23.1 because the Plaintiffs failed to serve a demand on Vaso's Board of Directors.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred because Defendants' actions were a proper exercise of business judgment.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred because Defendants at all times acted in good faith.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiffs have not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred because the Defendants have not breached any duties owed to the Nominal Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because the factual allegations of the Complaint, as well as the reasons for failing to make demand, are not alleged with the requisite specificity.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

Defendants reserve their right to assert any additional affirmative defenses that the proceedings may hereafter reveal to be appropriate.

WHEREFORE, Defendants respectfully request that the Court:

(1)    Dismiss this action, with prejudice;

(2)    Award Defendants their reasonable attorneys' fees, costs, and expenses incurred in the defense of this action; and

(3)    Award Defendants whatever further and additional relief this Court deems fair and just.

## **DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all issues so triable.

                Respectfully submitted,

                VASO ACTIVE PHARMACEUTICALS, INC., BIOCHEMICS, INC., JOHN J. MASIZ, KEVIN J. SEIFERT, JOSEPH F. FRATTAROLI, BRUCE A. SHEAR, GARY FROMM, BRIAN J. STRASNICK, WILLIAM P. ADAMS AND ROBERT E. ANDERSON

                By their attorneys,

                /s/ Michael G. Bongiorno
                Jeffrey B. Rudman (BBO #433380)
                Michael G. Bongiorno (BBO #558748)
                Wilmer Cutler Pickering Hale and Dorr LLP
                60 State Street
                Boston, Massachusetts 02109
                (617) 526-6000

                Richard S. Kraut
                Dilworth Paxson LLP
                1818 N Street NW, Suite 400
                Washington, DC  20036
                (202) 452-0900

                *Co-Counsel*

Dated:  March 28, 2005