UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS, INC. DERIVATIVE LITIGATION ) ) ) ) ) | Master Docket No. 04-10792-RCL (Consolidated Derivative Action) |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND APPROVING NOTICE**

This matter is before the Court for approval of the notice to be sent to shareholders of Vaso Active Pharmaceuticals, Inc. ("Vaso") common stock relating to the proposed settlement of this Consolidated Derivative Action. The court finds that the notice fairly and adequately provides notice to Vaso shareholders of the terms of the proposed settlement, the effect of the settlement, if approved, and the procedure to be followed by any shareholder that seeks to object to any aspect of the proposed settlement. Therefore, the Court preliminarily approves the settlement, and the form of the notice, attached hereto as Appendix A, is also approved, and counsel is directed to provide such notice by direct mail to all persons and entities appearing on Vaso's stock transfer record as of the most recent date prior to the time of mailing (or such persons' or entities' designated agents), at their addresses as shown on such transfer records.

It is further ORDERED that a final hearing for approval of the proposed settlement and the hearing of any objections thereto, if any, is set for _____, at _____ a.m. in this Court. Any shareholder that has any objection to the proposed settlement and final dismissal, with prejudice, of this derivative action, must file written notice of same with the Clerk of the Court for the United States District Court for the District of Massachusetts no later than 4:00 p.m. Eastern Daylight Time on _____, and said notice must contain a summary

USIDOCS 5298785v1

2

and explanation of the grounds/reasons for such objection and a representation evidencing that such objector is a current owner of Vaso common stock. Any shareholder appearing at the final hearing on _____ will not be heard if such notice has not been provided.

Done this _____ day of _____, 2005.

_____
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re VASO ACTIVE PHARMACEUTICALS SECURITIES LITIGATION ) ) ) ) | Master Docket No. 04-10708 (RCL) |
| IN re VASO ACTIVE PHARMACEUTICALS DERIVATIVE LITIGATION ) ) ) ) | Master Docket No. 04-10792 (RCL) (Consolidated Derivative Action) |

## JOINT NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND DERIVATIVE ACTION, APPLICATION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARINGS

This notice provides you with important information in connection with the settlement of two lawsuits concerning Vaso Active Pharmaceuticals ("Vaso" or the "Company"), a Securities Settlement and a Derivative action. Your rights may be affected by this Notice. If you wish to recover money in the Securities Settlement you must act by _____, 2005. You should read this Notice carefully.

TO:   (i) ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED VASO CLASS A COMMON STOCK ON THE OPEN MARKET DURING THE PERIOD DECEMBER 9, 2003 THROUGH MARCH 31, 2004 (THE "CLASS PERIOD"); AND (ii) ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SHARES OF VASO CLASS A COMMON STOCK IN CONNECTION WITH THE COMPANY'S INITIAL PUBLIC OFFERING ON OR ABOUT DECEMBER 9, 2003 (THE "IPO").

ALL CURRENT SHAREHOLDERS OF VASO CLASS A COMMON STOCK

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The Securities Settlement resolves class litigation (the "Action") over whether Vaso made certain misrepresentations in its Registration Statement relating to its initial public offering and other public statements, thereby inflating the value of the stock. See "Status of Lawsuit" and Question 2 below for more detail.

- The Securities Settlement will provide a settlement fund consisting of $1,125,000 in cash (the "Settlement Cash") and $750,000 face amount of two year 5% subordinated callable

notes convertible at $1.75 per share (with full dilution protection) (the "Settlement Notes") for the benefit of investors who purchased or otherwise acquired Vaso common stock during the Class Period or in the IPO. The settlement represents an average recovery of $.35 per share (for the 5,447,312 million outstanding shares available for purchase). This average is an estimate, is before deduction of any Court approved fees and expenses, and is subject to variation based on the value of the notes. See "Statement of Recovery" and Question 9 below for more detail.

- Plaintiffs' Counsel in the Securities Settlement will apply to the Court for an award of attorneys' fees from the Gross Settlement Fund, not to exceed twenty-five percent (25%) of the Settlement Cash and twenty-five percent (25%) of the Settlement Notes, plus reimbursement of expenses of no greater than $60,000, or an average of $.10 per share. Your actual recovery, if any, may vary depending on your purchase price and sales price and the number of shares for which recovery is sought through the Proof of Claim forms that are filed. Lead Counsel has litigated the Action on a contingent fee basis, and has advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Class, they would receive fees and be reimbursed for their expenses from the Gross Settlement Fund, as is customary in this type of litigation.

- The Derivative Settlement resolves an action filed by Vaso shareholders on behalf of Vaso. Derivative Plaintiffs claim that Vaso was harmed by the acts of the Derivative Defendants when they allegedly breached their fiduciary duties by causing Vaso to issue misleading statements and conceal material facts from investors and the public. Derivative Plaintiffs also claim that Defendants' alleged misconduct has caused severe and irreparable injury and damages to the Company, particularly to its reputation and goodwill in the investment and business community. Upon approval of the Derivative Settlement, another derivative action, which was filed in Delaware Chancery Court ("State Court Derivative Action"), will be the subject of a separate stipulation and will be dismissed.

- The Derivative Settlement will provide corporate governance changes to Vaso, which are explained below. As noted above, the Derivative Action was brought derivatively on behalf of Vaso, and not on behalf of the individual shareholders of Vaso.

- Plaintiffs' Counsel in the Derivative Action, who have litigated the Derivative Action on a contingent fee basis, and have not yet received any compensation in connection with the case, and counsel in the State Court Derivative Action, will apply for an aggregate award of attorneys' fees and expenses of $135,000 consisting of $25,000 in cash and $110,000 face amount in two year 5% subordinated callable notes convertible at $1.75 per share (with full dilution protection). These fees and expenses are being paid separately by Vaso and will _not_ be deducted from the Gross Settlement Fund in the Securities Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: |
|---|

| SUBMIT A CLAIM FORM | The only way to receive a payment in the Securities Settlement. |
|---|---|
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Vaso about the legal claims being released in the Securities Settlement. *See* Questions 13 and 14 below. You cannot exclude yourself from the Derivative Settlement. |
| OBJECT | File with the Clerk of Court your written concerns or objections to any of the three settlements, the Plan of Allocation in the Securities Settlement, or the requested attorneys' fees and reimbursement of expenses in any of the three settlements. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlements, the Plan of Allocation in the Securities Settlement, or the requested attorneys' fees and reimbursement of expenses. |
| DO NOTHING | You will receive no payment and give up your right to file your own lawsuit or participate in any other lawsuit against Vaso or the Released Parties concerning the legal claims being released in the Securities Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Courts in charge of these cases still need to decide whether to approve the settlements. Payments will be made if the Courts approve the Securities Settlement, which becomes final after the resolution of all appeals, if any, and after the claims processing procedure is complete.

- Further information regarding the Securities Settlement may be obtained by contacting Lead Counsel: Kay E. Sickles, Schiffrin & Barroway, LLP, 280 King of Prussia Road, Radnor, PA 19087, Telephone: (610) 667-7706, info@sbclasslaw.com.

- Further information regarding the Derivative Settlement may be obtained by contacting Derivative Counsel: Timothy L. Miles, Barrett, Johnston, & Parsley, 217 Second Avenue, North Nashville, TN 37201, Telephone: (615) 244-2202.

### Statement of Recovery

The Securities Settlement: Lead Counsel estimates that approximately 5,447,312 shares of Vaso Class A common stock were purchased or otherwise acquired during the Class Period and in the IPO, and damaged as a result of the purported acts or omissions alleged in the Action. Lead Counsel estimates that the average recovery per damaged share of Vaso Class A common stock under the Settlement will be $.35 per damaged share before the deduction of attorneys' fees, taxes, and costs and expenses, as approved by the Court. The actual recovery per damaged share will depend on the following: (1) the number of shares for which recovery is sought through the

Proof of Claim forms filed; (2) when Class Members purchased or acquired their shares during the Class Period; (3) whether Class Members either sold their shares during the Class Period, or held their shares past the end of the Class Period; (4) taxes and administrative costs, including the costs of this Notice; and (5) the amount awarded by the Court for attorneys' fees, costs and expenses. Distributions to Class Members will be made based on the Plan of Allocation set forth at the end of this Notice.

The Derivative Action: The Derivative Action was brought on behalf of Vaso, not individual shareholders of Vaso. The settlement of the Derivative Action will provide benefits to Vaso in the form of the corporate governance measures adopted by Vaso.

### The Status of the Lawsuits

The Securities Action and the Derivative Action were filed in the United States District Court for the District of Massachusetts.

As stated above, Lead Plaintiffs' Complaint, filed April 8, 2004, alleges, among other things, that Vaso and the Individual Defendants issued false and misleading statements regarding whether certain Vaso products had been through the research and development, pre-clinical study and clinical trial stages and had received FDA approval – representing that they had been through those stages when they in fact had not. The Complaint alleges that as a result of the false and misleading statements, the price of Vaso's common stock was inflated and that members of the Class were damaged as a result of the inflated value of the stock. Following the appointment of the Lead Plaintiffs and the appointment of Lead Counsel, Defendants filed their Answers to the Complaint.

Plaintiffs in the Derivative Action commenced litigation on behalf of Vaso on April 20, 2004. The Plaintiffs filed an Amended Consolidated Derivative Complaint on March 7, 2005. Defendants filed their Answers to the Amended Consolidated Complaint on March 28, 2005. As stated above, the Derivative Action alleges that certain current and former officers and directors of Vaso breached their ficudiary duties to the shareholders, causing Vaso to issue misleading statements and conceal material facts from investors and the public.

### The Circumstances of the Settlement

The principal reason for the settlements is to provide a benefit to the Class and the Company now, in circumstances where the Defendants have only very limited funds to either contribute to the settlements or to satisfy any verdict. This benefit must be compared to the risk that no recovery might be achieved after lengthy discovery, contested motions, contested trials and likely appeals, possibly years into the future. While Lead Counsel was prepared to go to trial and was confident in its ability to present its claims, it recognized Defendants' inability to pay a greater sum, and the likelihood that without a settlement, the Class would likely receive nothing. Similarly, while Derivative Counsel were prepared to go to trial and were confident in their ability to present a case, they recognized that the greatest benefit to the Company will be to resolve all outstanding litigation and to institute corporate governance reforms. As a result, these settlements have been recommended by Lead Counsel and Derivative Counsel because the Class

Exhibit A-1                                              4
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

and the current shareholders would have little opportunity to surpass this recovery or to obtain more extensive corporate governance reforms if Plaintiffs had continued with the litigation or gone to trial.

Defendants, while affirmatively denying wrongdoing, fault and liability, consider it desirable and in their best interest that the Actions be dismissed under the terms of the proposed Settlements in order to avoid the further expense, uncertainty and distraction of protracted litigation.

**[END OF COVER PAGE]**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**                                                                 PAGE

1. Why did I receive this notice package?
2. Why is the Securities Action a class action?
3. Why is the Derivative Action referred to as derivative action?
4. Why are there settlements?
5. How do I know if I am part of the Securities Settlement?
6. What if I am still not sure whether I am included?
7. What do the settlements provide?
8. How much will my payment be in the Securities Settlement?
9. How can I receive a payment in the Securities Settlement?
10. When will I receive my payment in the Securities Settlement?
11. What am I giving up to receive a payment in the Securities Settlement?
12. What is the Company giving up to receive the benefits of the Derivative Settlement?
13. How do I exclude myself from the Securities Settlement?
14. Can I exclude myself from the Derivative Settlement?
15. Do I have a lawyer in these cases?
16. How will the lawyers be paid?
17. How do I notify the Court that I do not like either of the settlements, the Plan of Allocation, or the requests for attorneys' fees and reimbursement of expenses?
18. When and where will the Court decide whether to approve the settlements, the Plan of Allocation, and the requested attorneys' fees and reimbursement of expenses?
19. Am I required to appear at the hearings and may I speak at the hearings?
20. What will happen if I do nothing at all?

**SPECIAL NOTICE TO BROKERS**                                                         PAGE
**GETTING MORE INFORMATION**                                                          PAGE


**BASIC INFORMATION**

Exhibit A-1                                         5
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

| 1. | Why did I receive this notice package? |

You or someone in your family may have purchased or otherwise acquired shares of Vaso Class A common stock on the open market during the period December 9, 2003 through March 31, 2004, or in Vaso's initial public offering, or be a current shareholder of Vaso Class A common stock. If the description above applies to you, you have a right to know about the proposed settlement of these Actions, and about all of your options.

| 2. | Why is the Securities Action a class action? |

In a class action, one or more people called Lead Plaintiffs (in this case, Plaintiffs Edwin Choi, Richard Cheng and Joe Huback) sue on behalf of people who have similar claims. All these people and/or entities are referred to collectively as a "Class," or individually as "Class Members." One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 3. | Why is the Derivative Action referred to as derivative action? |

In a derivative action, one or more people and/or entities who are shareholders of a corporation (in this case, Joseph Rosenkrantz and William Pomeroy) sued on behalf of the corporation, alleging that the corporation was injured, and seek recovery on behalf of the corporation. In a derivative action, the corporation and not the individual shareholders of the corporation, receives the benefits of the Settlement (except to the extent that the value of the corporation's shares increase as a result of the benefits the corporation receives in the settlement of the litigation).

| 4. | Why are there settlements? |

The Court did not decide in favor of either the Plaintiffs or the Defendants. Instead, Lead Plaintiffs and Defendants agreed to settle these actions. As explained above, the Lead Plaintiffs in the Securities Action and the Plaintiffs in the Derivative Action, and their attorneys, believe the settlements are beneficial for all Class Members and current shareholders. Defendants consider it desirable and in their best interest that this Action be dismissed under the terms of the proposed settlements in order to avoid the further expense, uncertainty and distraction of protracted litigation.

| 5. | How do I know if I am part of the Securities Settlement? |

The Class includes: *(i) All persons and entities who purchased or otherwise acquired Vaso Class A common stock on the open market during the period December 9, 2003 through March 31, 2004 (the "Class Period"); and (ii) all persons and entities who purchased or otherwise acquired shares of Vaso Class A common stock in connection with the Company's initial public offering on or about December 9, 2003 (the "IPO")*

You are not a Class Member if you are one of the Defendants, an officer or director of the Company, a member of one of Defendants' immediate families or a legal representative, heir, successor or assign, or any entity in which Defendants have or had a controlling interest

Also excluded from the Class are Persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice as described in question 13 below.

If one of your mutual funds purchased or owns shares of Vaso Class A common stock, that alone does not make you a Class Member. You are a Class Member only if you directly purchased or otherwise acquired shares of Vaso Class A common stock during the Class Period or pursuant to the IPO. Contact your broker to see whether you purchased or otherwise acquired Vaso stock during that period.

| 6. | What if I am still not sure whether I am included? |

If you are still not sure whether you are included, you can ask for free help. You can call 1-866-360-7322 or visit www.abdatalawserve.com for more information. Or you can fill out and return the claim form described on page [__], in question 10, to see if you qualify.

| 7. | What do the settlements provide? |

<u>The Securities Settlement</u>: The Defendants and their insurers have created a Settlement Fund consisting of $1,125,000 in cash and $750,000 face amount of two year 5% subordinated callable notes convertible at $1.75 per share (with full dilution protection). The balance of this fund, after deduction of taxes, Court awarded attorneys' fees and expenses and settlement administration costs, including the cost of this Notice, will be divided among all Class Members who submit valid claim forms before the deadline for submission.

<u>The Derivative Settlement</u>: The corporate governance procedures that will be instituted in settlement of the Derivative Action are described in the stipulation and agreement of settlement for that action, which can be viewed at www.abdatalawserve.com.

| 8. | How much will my payment be in the Securities Settlement? |

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of shares for which recovery is sought through valid claim forms that Class Members submit, how many shares of Vaso Class A common stock you purchased or acquired, and when you bought and sold your shares. By following the Plan of Allocation described here you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund, that is, the Gross Settlement Fund, less taxes owed, all administrative costs, including the costs of notice, and attorneys' fees and expenses, as awarded by the Court, according to the Plan of Allocation after the deadline for submission of Proof of Claim and Release forms has passed.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

Recognized Claims:

Transactional Basis: In order to recover damages on a given transaction, shares must suffer an actual monetary loss; i.e. (i) for shares that were purchased and sold during the Class Period the purchase price must be greater than the sales price; or (ii) for shares that were purchased during the Class Period and held at the end of the Class Period, the purchase price must be greater than $.657.

Offsetting Gains and Losses: For shares purchased during the Class Period which are sold at a gain during the Class Period, such gains will be used to offset Class Period losses from both shares purchased and sold during the Class Period and losses resulting from decline in value from shares purchased at prices in excess of $.657 per share during the Class Period and held at the end of the Class Period.

Acquisition: For shares acquired through the IPO, the "purchase price" shall be deemed to be the reported closing price on the day of acquisition for purposes of this Plan of Allocation.

The Basis for the Calculation of Your Recognized Claim

The following proposed Plan of Allocation reflects the proposition that the price of Vaso Class A common stock was artificially inflated from the beginning of the Class Period on December 9, 2003 until the end of the Class Period on March 31, 2004

For shares of common stock purchased between December 9, 2003 and March 31, 2004:

A.  For shares retained at the end of trading on July 13, 2004, the Recognized Loss shall be the lesser of:

   (1)  $6.36 per share; or
   (2)  the difference between the purchase price per share and $0.657.[1]

---

[1] Pursuant to Sections 21(D)(e)(1) and 21(D)(e)(2) of the Private Securities Litigation Reform Act of 1995, the award of damages to the plaintiff shall not exceed the difference between the purchase price paid by the plaintiff for the subject security and: (1) for plaintiffs who still held shares at the end of the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated, the mean trading price of that security during the 90-day period; or (2) for plaintiffs who sold shares during the 90-day period, the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sold the security The mean (average) closing price of Vaso Active common stock during the 90-day period beginning on April 16,

Exhibit A-1                                8
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

B.  For shares sold between April 16, 2004 and July 13, 2004, the Recognized Loss shall be the lesser of:

(1) $6.36 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold; or
(3) the difference between the purchase price per share and the average closing price per share between April 16, 2004 and the date of sale for each share sold.

Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Claim bears to the total of the claims of all Authorized Claimants. The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds. Each Claimant is deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of that Claimant's claim. No discovery shall be allowed on the merits of the Action.

The date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" date. All profits will be subtracted from all losses to determine the net recognized loss of each Class Member. Therefore, you need to list all purchases, acquisitions, and sales of Vaso Class A common stock during the relevant time period. Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of Vaso Class A common stock should be included in the "total purchase price" and net of the "total proceeds." In processing claims, sales will be matched in chronological order, by trade date, first against the common stock held as of the close of trading on December 8, 2003 (the last day before the Class Period begins) and then against the purchases during the Class Period.

No distribution will be made on a claim where the potential distribution amount is $10.00 or less in cash, or less than $8 face amount in notes. Payment pursuant to the Plan of Allocation is conclusive against all Authorized Claimants.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Final Judgment and Order to be entered in the Action and will be barred from bringing any "Released Claim" against any "Released Parties" (as those terms are defined in the Stipulation and Agreement of Settlement, which is available on the Internet at www.abdatalawserve.com, or through the mail upon request).

| 9. How can I receive a payment in the Securities Settlement? |
|---|

2004 and ending on July 13, 2004 was $0.657. Trading in Vaso Active common stock was suspended between April 1, 2004 and April 15, 2004.

Exhibit A-1                                         9
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

To qualify for payment, you must submit a Proof of Claim and Release form. A Proof of Claim and Release form is enclosed with this Notice. You may also obtain a Proof of Claim and Release form on the Internet at www.abdatalawserve.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2005.

| 10. When will I receive my payment in the Securities Settlement? |
|---|

The Court will hold a hearing on _____, 2005, to decide whether to approve the Settlement. Even if the Court approves the Securities Settlement, it could take more than a year before the Settlement Fund is distributed to the Class Members because the Claims Administrator must process all of the Proof of Claim and Release forms. The processing is a complicated process and will take many months. Everyone who sends in a claim form may remain informed of the progress of the Settlement through information posted on the website.

| 11. What am I giving up to receive a payment in the Securities Settlement? |
|---|

Unless you exclude yourself, you are staying in the Class, and that means that, if the Settlement is approved, you will release all "Released Claims" against the "Released Parties" (as defined in the Stipulation and Agreement of Settlement for the Securities Action, which is available on the internet at www.abdatalawserve.com or through the mail upon request and in the Proof of Claim and Release Form).

| 12 What is the Company giving up to receive the benefits of the Derivative Settlement? |
|---|

If the Derivative Settlement is approved, Vaso, on behalf of itself or anyone acting or claiming to act on behalf of Vaso, will release all "Released Claims," against all "Released Parties" (as defined in the Stipulation and Agreement of Settlement, which is available on the web at www.abdatalawserve.com or through the mail upon request).

| 13. How do I exclude myself from the Securities Settlement? |
|---|

If you think you are giving up more than you should by the releases, you can elect to exclude yourself from the Class, in which case you will not be subject to such releases, but will also not participate in the Securities Settlement. If you remain a member of the Class, all of the Court's orders (including the releases and reductions discussed above) will apply to you and legally bind you

If you do not want a payment from the Securities Settlement, but you want to keep the right to sue or continue to sue the Defendants about the claims you would be releasing in this Securities Settlement, then you must take steps to exclude yourself from the Securities Settlement. This is sometimes referred to as "opting out" of the Class.

To exclude yourself from the Securities Settlement, you must send a letter by mail saying that you want to be excluded from *In re Vaso Active Pharmaceuticals Securities Litigation*. Please include your name, address, telephone number, and information concerning your purchase(s) during the period from December 9, 2003 through March 31, 2004, including the dates of each such purchase, the number of shares and price paid for each share purchased, and the dates, number of shares sold, and the sale price of each share so sold. You cannot exclude yourself on the telephone or by e-mail. You must mail your exclusion request postmarked no later than _____, **2005** to:

In re Vaso Securities Litigation Exclusions
c/o A.B. Data, Ltd.
Claims Administrator
P.O. Box 170200
Milwaukee, WI 53217-8016

If you exclude yourself from the Class, you will not receive a payment in the Securities Settlement, and you cannot object to the settlement, the Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses.

| 14. | Can I exclude myself from the Derivative Settlement? |
|---|---|

No. Because the Derivative Action is on behalf of Vaso (not the Class Members), you cannot exclude yourself from the Derivative Settlement.

| 15. | Do I have a lawyer in these cases? |
|---|---|

The Securities Settlement: The Court ordered that the following Lead Counsel and their law firm will represent you and the other Class Members in the Securities Settlement: David Kessler and Kay E. Sickles, Schiffrin & Barroway, LLP, 280 King of Prussia Road, Radnor, PA, 19087, Telephone: 610-667-7706.

The Derivative Settlement: The Court ordered the following counsel as Lead Counsel in the Derivative Action: Timothy L. Miles, Barrett, Johnston, & Parsley, 217 Second Avenue, North Nashville, TN 37201, Telephone: (615) 244-2202.

If you want to be represented by your own lawyer, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |
|---|---|

The Securities Settlement: Lead Counsel is moving the Court to award attorneys' fees from the Settlement Fund in an amount not greater than twenty-five percent (25%) of the Gross Settlement Fund and for reimbursement of their expenses up to a maximum amount of $60,000 plus interest on such expenses at the same rate as earned by the Settlement Fund. Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class and any proceedings after the Settlement Fairness Hearing.

Exhibit A-1                                                           11
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

The Derivative Settlement: The payment of attorneys' fees in the Derivative Settlement is separate and distinct from the fees in the Securities Settlement. In the Derivative Settlement, Vaso has agreed to pay Plaintiffs' Counsel aggregate fees and expenses of $135,000 consisting of $25,000 in cash and a $110,000 face amount in two year 5% subordinated callable notes convertible at $1.75 per share (with full dilution protection). This proposed award is subject to Court approval.

---

**17. How do I notify the Court that I do not like any of the two settlements, the Plan of Allocation, or the requests for attorneys' fees and reimbursement of expenses?**

---

If you are a Class Member you can object to the settlement of the Securities Action if you do not like any part of it. If you are a current shareholder, you can also object to the Derivative Settlement if you do not like any part of it.

To object, you must send a letter saying that you are a Class Member and/or a current shareholder and that you object to the Securities Settlement and/or the Derivative Settlement, and stating the reasons why you object. You should also state whether you are objecting to the settlement in *In re Vaso Active Pharmaceutical Corp Securities Litig*, Master Docket No. 04-10708 (RCL) (D. Mass) (the Securities Action) and/or *In re Vaso Active Derivative Litig*, Master Docket No. 04-10792 (RCL) (D. Mass.) (the Derivative Action).

In your objection, you must include your name, address, telephone number, and your signature. You must also include information concerning your purchase(s) and sale(s), including the number of shares and the dates and prices of purchase and sale. Mail the objection postmarked no later than _____, **2005**, to all counsel in the Securities Settlement, the Derivative Settlement, or both:

| Richard S. Kraut<br>Dilworth Paxson LLP<br>1818 North Street, N.W.<br>Suite 400<br>Washington, DC 20036<br><br>Wilmer Cutler Pickering Hale and Dorr, LLP<br>Jeffrey B. Rudman<br>Michael G Bongiorno<br>60 State Street<br>Boston, MA 02109<br>Phone: (617) 526-6000<br>Facsimile: (617) 526-5000<br><br>**Counsel for Vaso and the Individual Defendants in the Securities Action and the Massachusetts Derivative Action** | Marc J Ross<br>Sichenzia, Ross & Friedman LLP<br>1065 Avenue of the Americas, 21st Floor<br>New York NY 10018<br><br>**Counsel for Kashner** | Kay E Sickles<br>Schiffrin & Barroway, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br><br>**Lead Counsel for the Class** | Timothy L. Miles<br>Barrett, Johnston & Parsley<br>217 Second Avenue North Nashville, TN 37201<br><br>**Plaintiffs' Derivative Counsel** |
|---|---|---|---|

Exhibit A-1                                                  12
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

| 18. | When and where will the Courts decide whether to approve the Settlements and the requested attorneys' fees and expenses? |

The Court will hold two Settlement Fairness Hearings. The Settlement Fairness Hearing for the Securities Settlement will be held at _____ __.m. on _____day, _____, 2005, at the United States District Court for the District of Massachusetts, the Honorable Reginald C. Lindsey, U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, in a Courtroom to be scheduled. At this hearing the Court will consider whether the Settlement and the Plan of Allocation in the Securities Action are fair, reasonable and adequate. The Settlement Fairness Hearing for the Derivative Settlement will be held at _____ __.m. on _____day, _____, 2005, at the United States District Court for the District of Massachusetts, the Honorable Reginald C. Lindsey, U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, in a Courtroom to be scheduled. At this hearing the Court will consider whether the Settlement in the Derivative Action is fair, reasonable, and adequate. If there are written objections to either settlement, the Court will consider them. The Court will also permit people to speak who have asked in writing by _____, **2005** to speak at either of the hearings. The Court may also decide how much to award Lead Counsel and Derivative Counsel for attorneys' fees and expenses.

| 19. | Am I required to appear at the hearings and may I speak at the hearings? |

You do not need to attend the hearings. However, if you have filed an objection as provided above, you may ask the Court for permission to speak at either of the Fairness Hearings. To do so, you must include with your objection the statement, "I hereby give notice that I intend to appear at the Fairness Hearing in *In re Vaso Active Pharmaceuticals Securities Litigation, et al*" and/or "*In re Vaso Active Derivative Litigation*" Be sure to include your name, address and telephone number, identify the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of the common stock of Vaso you made during the Class Period, and sign the letter, or if you have objected in the derivative settlement, the number of shares you own as a current shareholder. If you intend to have any witnesses testify or to introduce any evidence at a Fairness Hearing, you must list the witnesses and evidence in your objection. Your Notice of Intention to Appear must be postmarked no later than _____, 2005, and be sent to the Clerk of the Court, Lead Counsel, Derivative Counsel and Defendants' Counsel, at the addresses shown in the answer to question 17. You cannot speak at the hearing if you exclude yourself.

| 20. | What will happen if I do nothing at all? |

If you fail to file a timely proof of claim, you will receive no money from the Securities Settlement. Unless you exclude yourself from the Securities Settlement, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties for the claims released by the Securities Settlement, ever again.

### **SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Exhibit A-1      13
Questions? Call toll free 1-866-360-7322 or visit www.abdatalawserve.com

The Court has ordered that if you: 1) purchased one or more shares of Vaso Class A common stock during the Class Period as nominee for a beneficial owner; or 2) purchased one or more shares of Vaso Class A common stock as nominee for a beneficial owner who currently holds one or more shares of Vaso Class A common stock as nominee for a beneficial owner, then within ten (10) days after you receive this Notice, you must either: (a) send a copy of this Notice and the accompanying Proof of Claim and Release by first class mail to all such beneficial owners; or (b) provide a list of the names and addresses of such beneficial owners to the Claims Administrator:

In re Vaso Securities Litigation
c/o A.B. Data, Ltd.
Claims Administrator
P.O. Box 170200
Milwaukee, WI 53217-8016

### GETTING MORE INFORMATION

This Notice summarizes the proposed settlements. More details are contained in the Stipulation and Agreement of Settlement for the Securities Settlement and the Derivative Settlements, which are available at www.abdatalawserve.com. If you have questions regarding how to obtain copies of documents related to these settlements, completing your Proof of Claim and Release Form, correspondence you have received from the Claims Administrator, or the calculation of your Recognized Claim, you may contact the administrator for the distribution of the Settlement Fund toll free at 1-866-360-7322 or write to A.B. Data at the address listed above.

**DO NOT CONTACT THE COURT**