UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE VASO ACTIVE PHARMACEUTICALS, INC. DERIVATIVE LITIGATION ) ) ) ) ) | Master Docket No. 04-10792-RCL (Consolidated Derivative Action) |

### [PROPOSED] ORDER APPROVING SETTLEMENT

**Introduction and Background**. Plaintiffs Joseph Rosenkrantz and William Pomeroy, nominal Defendant Vaso Active Pharmaceuticals, Inc. ("Vaso"), and Defendants BioChemics, Inc., John Masiz, Kevin J. Seifert, Stephen G. Carter, Bruce A. Shear, Brian J. Strasnick, William P. Adams, Robert E. Anderson, Gary Fromm and Joseph Frattaroli ("Defendants") have entered into a Stipulation and Agreement of Settlement dated September 21, 2005 ("Settlement Agreement") to settle this shareholder derivative action.

The Court entered an Order on October 5, 2005 preliminarily approving the Settlement Agreement under Fed.R.Civ.P. 23.1, ordering individual notice to Vaso shareholders ("Shareholders") via first class mail, scheduling a Fairness Hearing for December 14, 2005, and providing those Shareholders an opportunity to object to the proposed Settlement Agreement. The Court then held a Fairness Hearing on December 14, 2005 to determine whether to give final approval to the proposed Settlement Agreement.

The Court hereby finds that:

1. The parties have complied with the Preliminary Approval Order's notice provision and have provided notice in accordance with the parties' Settlement Agreement.

2. Individual notice via first class mail in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order has been accomplished; and said method of notice constituted due, adequate and sufficient notice to all persons entitled to be provided with notice, and fully satisfied the requirements of Rule 23.1, and the due process clause of the United States Constitution.

3. The terms and provisions of the Settlement Agreement have been entered into in good faith.

4. The Settlement Agreement is hereby finally APPROVED as fair, reasonable and adequate, and in the best interests of the Plaintiffs and the nominal Defendant, Vaso, and its stockholders.

5. Defendants, Defendants' counsel, Plaintiffs' counsel and Plaintiffs are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

6. The terms of the Settlement Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiffs, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits and other proceedings maintained by or on behalf of any such persons (or nominal Defendant Vaso), to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this action or are otherwise encompassed by the terms of the release that is part of the Settlement Agreement as is described more fully in the next paragraph of this Order.

7. The Release contained in the Settlement Agreement is expressly incorporated herein in all respects, is effective as of the date of this Order and the accompanying Final

Judgment, and forever discharges the Released Parties as that term is defined in Section II, paragraph h of the Settlement Agreement from any claims or liabilities arising from or related to the Released Claims including "Unknown Claims" as those terms are defined in Section II, paragraphs g and k in the Settlement Agreement.

8. Except as set forth in the Settlement Agreement, Plaintiffs and Vaso as nominal Defendant are hereby permanently barred and enjoined from (a) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the "Released Claims," including "Unknown Claims," and (b) organizing or soliciting the participation of any Vaso shareholder in a separate action for purposes of pursuing as a purported derivative action any lawsuit or other proceeding based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, released in this action. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over this action and to protect and effectuate the Court's Final Judgment.

9. Nothing in this Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

10. Plaintiffs' counsel (including Delaware Derivative Counsel, as defined in the Settlement Agreement) are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the total amount of $135,000 to be paid in accordance with the terms of the Settlement Agreement.

11. The preceding paragraphs of this Order cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs (including Delaware Derivative Counsel, as defined in the Settlement Agreement), or incurred by Plaintiffs (including Delaware Derivative Plaintiffs, as defined in the Settlement Agreement), or any of them in connection with or related in any manner to this action or any related action, including the Delaware Derivative Litigation, as defined in the Settlement Agreement, or the settlement of this action or any related action, including the Delaware Derivative Litigation, as defined in the Settlement. Defendants shall be liable to Plaintiffs for no attorneys' fees, representative fees, or expenses not expressly provided.

12. Without in any way affecting the finality of this Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Order and the accompanying Final Judgment, including, without limitation, for the purpose of:

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order or the Final Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are or are not barred or released by this Order and the Final Judgment, etc.);

(b) entering such additional order, if any, as may be necessary or appropriate to protect or effectuate this Order, the Final Judgment, and the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement Agreement;

    (c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; and

    (d) entering a subsequent Memorandum Opinion in support of this Order.

 This action, including all individual and derivative claims resolved in it, will be dismissed on the merits and with prejudice against Plaintiffs, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

 Accordingly the Settlement Agreement in this derivative action is hereby APPROVED.

 Done this _____ day of _____, 2005.

            _____
            REGINALD C. LINDSAY
            UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and exact copy of the foregoing has been served on all Filing Users through the Court's Electronic Filing System on this the 6th day of December, 2005.

                                    /s/ Timothy L. Miles
                                    Timothy L. Miles